| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Peter J. Mastan (SBN 190250)<br>E-mail: peter.mastan@dinsmore.com<br>Lovee D. Sarenas (SBN 204361)<br>E-mail: lovee.sarenas@dinsmore.com<br>DINSMORE & SHOHL LLP<br>550 S. Hope Street, Suite 2800<br>Los Angeles, CA 90071<br>Telephone: (213) 335-7737<br>Facsimile: (213) 335-7740<br><br>☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for chapter 7 trustee NANCY ZAMORA* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| In re:<br><br>WILSHIRE COMMUNITY SERVICES, INC.,<br><br><br><br><br><br>Debtor(s). | CASE NO.: 9:25-BK-11031 RC<br><br>CHAPTER: 7<br><br>**NOTICE OF MOTION AND MOTION UNDER LBR 2016-2 FOR APPROVAL OF CASH DISBURSEMENTS BY THE TRUSTEE; OPPORTUNITY TO REQUEST HEARING; AND DECLARATION OF TRUSTEE**<br><br>[No hearing unless requested under LBR 9013-1(o)] |
|---|---|

TO PARTIES IN INTEREST:

PLEASE TAKE NOTICE that the duly-appointed chapter 7 trustee has filed the following motion for court approval of the trustee's request to make cash disbursements. The court may grant the motion authorizing expenditure of estate funds without a hearing unless you file with the court and serve upon the trustee and the United States trustee a written objection to the motion explaining all of the reasons for the opposition WITHIN 14 DAYS AFTER THE DATE OF SERVICE OF THIS NOTICE OF MOTION AND MOTION, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F). If an objection is timely filed, the trustee will set the matter for hearing and notify you of the date and time of the hearing. Failure to object may be deemed consent to interim authorization of the expenses requested by the trustee.

The trustee moves for an order authorizing cash disbursements from property of the estate as follows:

1. A brief summary of the case is attached as Exhibit A.
2. The estimated date for submitting a final report is 07/31/2028  .

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 1    **F 2016-2.2.MOTION.TRUSTEE.DISBURSE**

3. Cash disbursements period: 02/01/2026 to 08/31/2026 .
4. A detailed analysis and justification of the trustee's expenses is included in Exhibit B.
5. Final approval of all expenditures will be sought when the trustee files a Final Account and Report (including those paid in accordance with LBR 2016-2).

Date: February 9, 2026

/s/ Lovee D. Sarenas
*Signature of the chapter 7 trustee or the trustee's attorney*

LOVEE D. SARENAS
*Printed name of the chapter 7 trustee or the trustee's attorney*

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                        Page 2                           **F 2016-2.2.MOTION.TRUSTEE.DISBURSE**

## DECLARATION OF TRUSTEE

I, NANCY ZAMORA, the duly appointed chapter 7 trustee, have prepared the foregoing motion to make cash disbursements and believe the amounts specified in each category are reasonable and necessary for an effective and efficient administration of the estate. If this motion proves to be inaccurate or infeasible, I will submit corrected motions as necessary.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 6, 2026 | NANCY ZAMORA | _(signature)_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016    Page 3    F 2016-2.2.MOTION.TRUSTEE.DISBURSE

# EXHIBIT A

**EXHIBIT "A"**

**SUMMARY/STATUS OF CASE:**

This cash disbursement motion is filed pursuant to LBR 2016-2 of the United States Bankruptcy Court, Central District of California.

Through review of the Debtor's schedules, information obtained from creditors or information obtained at the Debtor's 341(a) meeting or otherwise, this case appears to have assets and/or potential avoidance actions that may be liquidated for the benefit of creditors.

*Insert specific facts of case*:
On August 1, 2025 ("Petition Date"), Debtor Wilshire Health & Community Services, Inc. d.b.a. Wilshire Home Health ("WHCS"), Wilshire Connected Care, Inc. ("WCC"), Wilshire Community Services, Inc. ("WCS"), Wilshire Management Services, Inc. ("WMS"), and Hospice Partners, Inc ("HPI") (each a "Debtor" and collectively, the "Debtors") filed a voluntary petition under Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") commencing their respective cases. Nancy Zamora was appointed as the chapter 7 trustee ("Trustee") for each Debtor's bankruptcy estate ("Estate(s)"). Trustee continues to serve in such capacity at this time.

Of the five affiliates, WHCS, WCS, and HPI each had employees in their respective payrolls.  WHC provided at-home and virtual patient care and HPI provided hospice care to patients in San Luis Obispo County.  WCS was the nonprofit arm of the entire organization.  Dayforce US, Inc. (formerly Ceridian HCM, Inc.) ("Dayforce") handled each of the the foregoing Debtor's payroll.

With Dayforce's access to the Debtors' employee database and historical knowledge of the Debtors' payroll and business operations, the Trustee intends to use Dayforce's services to prepare, on behalf of the estate, the W-2s of all employees employed in 2025 for income and payroll tax purposes and any other tax support services relating to payroll for WHCS, HPI, and WCS.

As of the filing of this Motion, the WCS estate is currently holding unencumbered funds sufficient to pay for the cost of having Dayforce prepare the W-2s and all related payroll tax filings.

At this time, the Trustee is continuing her efforts to administer the estate, identify and collect assets of the estate, and determine any claims the estate may have against third parties pursuant to Bankruptcy Code sec 704(a)(1).  Completing the employee payroll tax filings is one of the necessary actions to be taken in keeping with the administration of the three cases.  In view of the foregoing, Trustee believes that the cases will remain open through July 31, 2028.

# EXHIBIT B

**EXHIBIT "B"**

**Estimated Recurring Monthly Expenses During the Cash Disbursement Period:**

  $ _____ Rent or Mortgage Payment

  $ _____ Property Tax

  $ _____ Insurance

  $ _____ Utilities

  $ _____ Repair and Maintenance

  $ _____ Property Management

  $ _____ Security Services

  $ _____ Advertising Sale of Assets

  $ _____ Actual Cost of Noticing, Copying and Postage

  $ _____ Storage of Estate Assets and/or Books and Records

  $ _____ Long Distance Telephone

  $ _____ Expedited Mail

  $ _____ Teletransmission

  $ _____ Delivery of Documents

  $ _____ Filing and Process Serving

  $ _____ Bank Charges for Research and/or Copies

  $ _____ Clerk's Charges

  $ _____ Court Reporting Fees

  $ _____ Witness Fees

  $ _____ Transcript Fees

  $ _____ Notary Fees

  $ _____ Recording Fees

  $ _____ Trustee Travel and Lodging (includes lodging, meals, mileage and parking)

  $ _____ Other: _____

  $ _____ Other: _____

        $ _____ Other: _____

        $ _____ Other: _____

        $ _____ Other: _____

**Total:** $ 0.00_____ Estimated Recurring Monthly Expenditures During the Cash Disbursement Period

**Total Estimated Other Expenses During the Cash Disbursement Period for Which Court Approval is Sought at this Time:**

        $_____ Locksmith Services

        $_____ Initial Moving and Storage Costs; Books and Records and/or Property of the Estate

        $_____ Advertising Sale of Assets

        $_____ Books and Records Destruction Costs

        $_____ Postpetition taxes payable pursuant to 11 U.S.C. § 503 (b)(1)(B), but not preconversion taxes

        $_____ Prepetition taxes payable pursuant to 11 U.S.C. § 507(a)(2)

        $ 2,276.00_____ Other: payroll support tax services (WCS's share)

        $ 750.00_____ Other: payroll tax filings for WCS

        $ 210.00_____ Other: preparation of employee W-2 for WCS

**Total:** $ 3,236.00_____ Estimated Other Expenses During the Cash Disbursement Period

The foregoing expenditures are justified by the following facts:
With this Motion, Trustee is seeking authority to pay the foregoing fees and costs to Dayforce in order to complete the payroll tax returns for all three Debtors and prepare the W-2s for each of the Debtor's employee.  While the WHCS, HPI, and WCS bankruptcy estates have employed the firm of SLBiggs as accountants in the case, using Dayforce's services to complete the payroll tax return filing requirements and issue the W-2 to each Debtor's former employees is more cost effective.  Prior to their bankruptcy filing, Debtors used Dayforce's platform for their respective payroll.  Dayforce, therefore, has the historical knowledge of each Debtor's operations, its employee database, and has access to each Debtor's payroll reports for 2025.

Attached as Exhibit C to this Motion is the Statement of Work for payroll services prepared by Dayforce.  The Statement of Work shows each set of fees for services specific to each Debtor.  In addition, there are services that must be performed for all three Debtors collectively.  In such instances, the fees relating to such services will be shared equally by all three bankruptcy estates.  The one-time costs shall be paid upon the entry of the order approving this Motion.  The parties' agreement further provides for the allowance of Dayforce's prepetition unsecured claim against the WHCS estate pursuant to the proof of claim filed (Claim 13) but no payment shall be made on account of Dayforce's prepetition claim at this time except as provided under Bankruptcy Code sec. 726 at the conclusion of the case.  Dayforce has no claim against the WCS estate.

# EXHIBIT C

**dayforce**

## POST-CANCELLATION STATEMENT OF WORK

Nancy Zamora, Chapter 7 Trustee
U.S. Bank Tower
633 West 5th Street, Suite 2600
Los Angeles CA 90071

Re: **Wilshire Health & Community Services, Inc., Wilshire Community Services, Inc. and Hospice Partners, Inc.**
**CTS # T2644-00/01, T8003-00 and T2628-00**

Effective date, July 16, 2025, Services for Wilshire Health & Community Services, Inc., Wilshire Community Services, Inc. and Hospice Partners, Inc. (collectively, "Wilshire") under the agreement dated March 22, 2019 (the "Agreement"), as amended, between Wilshire and Dayforce US, Inc., (formerly Ceridian HCM, Inc.) and its affiliates (collectively "Dayforce") were terminated.

Pursuant to this Post-Cancellation Statement of Work (the "SOW"), Dayforce has agreed to provide certain post-cancellation services (the "Project") to Nancy Zamora, Chapter 7 Trustee on behalf of Wilshire, debtors in Case Nos. 9:25-bk-11031, 9:25-bk-11032 and 9:25-bk-11033 filed in the United States Bankruptcy Court Central District of California Northern Division for relief under Chapter 7 of the United States Bankruptcy Code.

The Project, including the post-cancellation services (the "Post-Cancellation Services") to be provided by Dayforce and corresponding estimated service fees (the "Fees") are described below.

1. PROJECT ID. PID 94189
2. EFFECTIVE DATE. This SOW will be effective upon the date both parties execute this SOW (the "Effective Date").
3. JURISDICTIONS. This SOW applies to the following jurisdictions: Federal, CA, OR, MT, TX
4. DESCRIPTION OF POST-CANCELLATION SERVICES AND FEES.

| **Post-Cancellation Services** | **Fee Per Unit** | **Quantity** | **The Fees** |
|---|---|---|---|
| **All Wilshire Entities, collectively** | | | |
| Extended Access | $1,200 | 3 | $3,600.00 |
| Data Extract | | | $1,625.50 |
| Document Extract | | | $1,600.00 |
| **Wilshire Health & Community Services, Inc. (T2644-00/01)** | | | |
| **Payroll Tax Filings** | | | |
| Agency W-2 Filing | $250 | 4 | $1,000 |
| Annual Reconciliation Filing | $250 | 3 | $750.00 |
| **Employee Payroll Tax Services** | | | |
| Employee W-2 Generation/Print/Mail | $10.00 | 59 | $590.00 |
| **Wilshire Community Services, Inc. (T8003-00)** | | | |
| **Payroll Tax Filings** | | | |
| Agency W-2 Filing | $250 | 2 | $500.00 |
| Annual Reconciliation Filing | $250 | 1 | $250.00 |
| **Employee Payroll Tax Services** | | | |

**dayforce**

| | | | |
|---|---|---|---|
| Employee W-2 Generation/Print/Mail | $10.00 | 21 | $210.00 |
| **Hospice Partners, Inc. (T2628-00)** | | | |
| **Payroll Tax Filings** | | | |
| Agency W-2 Filing | $250 | 3 | $750.00 |
| Annual Reconciliation Filing | $250 | 2 | $500.00 |
| **Employee Payroll Tax Services** | | | |
| Employee W-2 Generation/Print/Mail | $10.00 | 50 | $500.00 |
| **Total Fees** | | | **$11,875.50** |

5. TIMEFRAME.

   5.1. Dayforce will complete the employee payroll tax services described in section 4 above by January 31, 2026, and all payroll tax filings described in section 4 by February 28, 2026, in accordance with agency deadlines.

   5.2. Any additional Accelerated Tax Support Services required, but not listed in section 4 above, will be completed within 90 days of Dayforce becoming aware of the required services.

6. CHANGES TO THE SOW.

   6.1. It is important to note that the timeframe set out in section 5 (the "Timeframe"), and the description of the Post-Cancellation Services and Fees set out in section 4 are estimated based on the information known by Dayforce as of the Effective Date.

   6.2. Should the parties become aware of or require any significant changes to the Timeframe, Post-Cancellation Services and/or corresponding Fees, they will notify the other party in writing and, if necessary, Dayforce will provide a revised SOW to be reviewed and approved by Wilshire before Dayforce commences any work not contemplated in this SOW.

7. PAYMENT.

   7.1. Wilshire will provide payment of the Fees of **$11,875.50** to Dayforce within two weeks of the Effective Date, using the payment instructions attached as "Appendix A" to this SOW.

   7.2. Should the Fees change in accordance with section 6 above:

      7.2.1. any additional Fees owed by Wilshire will become payable immediately; and

      7.2.2. any overpayment of Fees made by Wilshire will be credited to the Client's account with Dayforce, to be applied to any outstanding balance then owing to Dayforce.

8. OTHER CLIENT RESPONSIBILITIES.

   8.1. Post-Cancellation Services require that Dayforce and Wilshire partner together during the Project. As a third-party administrator, Dayforce will complete the Post-Cancellation Services outlined in this SOW on behalf of Wilshire. Dayforce may require the immediate attention of Wilshire for information, assistance, or approval. It is important to remember delays in receiving requested action items may affect the Project and agency processing times.

   8.2. The name and contact information for the Wilshire representatives assigned to this SOW are:

| | |
|---|---|
| Name: | |
| Title: | |
| Telephone: | |
| Mailing address: | |
| Email: | |

8.3. Please review Wilshire's responsibilities set out below:

    8.3.1. Responding to Dayforce requests, including information requests, within two business days. Nonresponse to Dayforce's third and final request may result in cancellation of the Project;

    8.3.2. Agency third party administrator assistance;

    8.3.3. Approval and/or signature; and

    8.3.4. Wilshire is responsible to the tax authorities for any tax amounts due in relation to the Service Fee, if applicable.

9. <u>GENERAL.</u>

    9.1. Nancy Zamora, Chapter 7 Trustee on behalf of Wilshire agrees that Dayforce is entitled to file, and Wilshire agrees that it will not object to, a proof of claim asserting a claim of $33,823.03 plus applicable taxes.

    9.2. The parties acknowledge and agree that, as of the Effective Date, the only services to be provided by Dayforce to Wilshire are the Post-Cancellation Services set out in this SOW; any other services previously provided by Dayforce to Wilshire pursuant to the Agreement or otherwise are cancelled as of July 16, 2025. Except as modified by this SOW, the Post-Cancellation Services are governed by the terms and conditions of the MSA.

ACCEPTED AND AGREED:

**Dayforce US, Inc.**

By:

Name:

Title:

Date:

**Wilshire Health & Community Services, Inc.**

By:

Name: Nancy Zamora

Title: Chapter 7 Trustee

Date:

**Wilshire Community Services, Inc.**

By:

Name: Nancy Zamora

Title: Chapter 7 Trustee

Date:

**Hospice Partners, Inc.**

By:

Name: Nancy Zamora

Title: Chapter 7 Trustee

Date:

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
655 West Broadway, Suite 800, San Diego, CA 92101

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION UNDER LBR 2016-2 FOR APPROVAL OF CASH DISBURSEMENTS BY THE TRUSTEE; OPPORTUNITY TO REQUEST HEARING; AND DECLARATION OF TRUSTEE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* 2/9/26, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Paul F Ready - becky@farmerandready.com**
- **Lovee D Sarenas - lovee.sarenas@dinsmore.com, wendy.yones@dinsmore.com; adelya.ashralieva@dinsmore.com**
- **United States Trustee (ND) - ustpregion16.nd.ecf@usdoj.gov**
- **Nancy J Zamora (TR) - zamora3@aol.com, nzamora@ecf.axosfs.com**

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On *(date)* 2/9/26, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Dayforce US Inc., 3311 East Old Shakopee Road, Minneapolis, MN 55425

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* , _____ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/9/26 | Wendy A. Yones | /s/ Wendy A. Yones |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    **F 2016-2.2.MOTION.TRUSTEE.DISBURSE**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0973-9<br>Case 9:25-bk-11031-RC<br>Central District of California<br>Santa Barbara<br>Mon Feb  9 13:21:03 PST 2026 | S. Biggs<br>10960 Wilshire Blvd., Ste. 1100<br>Los Angeles, CA 90024-3714 | Wilshire Community Services, Inc.<br>PO Box 409<br>Nipomo, CA 93444-0409 |
| Northern Division<br>1415 State Street,<br>Santa Barbara, CA 93101-2511 | Donald H. Cram<br>Stinson LLP<br>595 Market Street, Suite 2600<br>San Francisco, CA 94105-2839 | Employment Development Department<br>Bankruptcy Group MIC 92E, PO BOX 826880<br>Sacramento, CA 95814 |
| UMB Bank, N.A.<br>Stinson LLP, c/o Donald H. Cram<br>595 Market Street, Suite 2600<br>San Francisco, CA 94105-2839 | United States Trustee (ND)<br>915 Wilshire Blvd, Suite 1850<br>Los Angeles, CA 90017-3560 | Wilshire Health & Community Service<br>PO Box 409<br>Nipomo, CA 93444-0409 |
| Nancy J Zamora (TR)<br>U.S. Bank Tower<br>633 West 5th Street, Suite 2600<br>Los Angeles, CA 90071-2053 | Paul F Ready<br>Farmer & Ready<br>1254 Marsh St POB 1443<br>San Luis Obispo, CA 93406-1443 | End of Label Matrix<br>Mailable recipients    10<br>Bypassed recipients     0<br>Total                   10 |